## TOWN OF ST. PAUL *vs.* STEAMBOAT DR. FRANKLIN.

The District Court cannot review upon *Certiorari* proceedings had before the President of the Town of St. Paul, in cases arising under the Laws and Ordinances of said Town.

This was an action commenced before the President of the Town of St. Paul, to recover of the defendant a sum claimed

to be due the plaintiff for wharfage, under the ordinances of the Town of St. Paul. Judgment was rendered by the President of said Town, in favor of the plaintiff for the sum of ten dollars and costs. On the application of the defendant, a writ of Certiorari issued from the District Court of Ramsey County to the President, to remove the proceedings to that Court. The District Court reversed the judgment of the President, whereupon the plaintiff sued out a writ of Error from the Supreme Court.

L. EMMETT, Attorney for Plaintiff in Error.

RICE, HOLLINSHEAD & BECKER, for Defendant in Error.

COOPER, J. This was a suit instituted before the President of the Town of St. Paul, to recover a tax imposed by an ordinance of said Town, upon steamboats landing at the wharves within the limits of said borough. Judgment was rendered by said President against the Dr. Franklin for ten dollars and costs. *A writ of Certiorari* issued to the President of the Council, from the District Court of Ramsey County, and the judgment and proceedings had in the matter were certified to said Court.

By an act of the Territorial Legislature of 1849, the Town of St. Paul was incorporated; and the power to make rules and regulations for the goverance of said incorporation, conferred upon the President and Council authorized by it. An ordinance was made, taxing steamboats one dollar for every arrival and departure. Under this ordinance, suit was brought against the Franklin, and judgment recovered against her.

The District Court reversed this judgment; and this is the error assigned. The grounds are, that an appeal only—and not a *Certiorari*—will lie under the 13th section of the Act of November 1, 1849, incorporating the Town of St. Paul. The section referred to, is in these words:

"The President of said Town shall be a conservator of the peace within the limits of said corporation, and shall have and exercise all the ordinary powers of Justice of the Peace within the limits of said corporation, in all matters, civil

and criminal, arising under the laws of this Territory; he shall give bond and security as required of Justices of the Peace, except that the said bond shall be taken in the name of the Town of St. Paul; and appeals may be taken from his judgment in all civil cases and in all penal cases arising under the laws and ordinances of said Town, to the District Court of the County of Ramsey, in the same manner and within the same time as appeals are or may be taken and perfected in ordinary cases before Justices of the Peace. Said President shall keep a docket, and true record of his proceedings, judgments and executions, in all cases which may come before him, and shall be allowed the same fees as are allowed to Justices of the Peace for similar services."

There is some difficulty in giving a proper construction to this section; as taken in connection with the 9th section of the Organic Law of the Territory, which provides " that the judicial power of said Territory shall be vested in a Supreme Court, District Courts, Probate Courts, and in Justices of the Peace," there is much doubt of its force and effect. The section of the Organic Act referred to, states in whom and in what tribunals judicial power shall be vested, and limits it to these. Yet the Legislature has conferred those restricted powers and functions on the President of the Town of St. Paul.

We think, however. that, as far as it properly regards this question, the right of bringing up a case from the judgment of the President by a writ of *Certiorari*, the act is capable of but one construction. It is true, it tries to confer upon the President the ordinary powers of a Justice of the Peace, but it does not make him a Justice of the Peace. The act is intended only to *limit*, *describe*, and *regulate*, his duties. This is manifest from every line of it. Appeals, for instance, shall be had from his judgments, not as a Justice, but in the *same manner* and within a like period. Thus, it is plain that the act did not regard him as a Justice; and the reference to the powers of a Justice, and the mode of appeal, went to the *manner* alone, and *not* to the matter. It was merely descriptive and directory. And unless the limits were regarded, and the directions followed, the party was sure to err. By the section quoted, appeal is the only means allowed by which

the President's judgment could be reviewed and corrected. This is a special proceeding, wholly statutory, and must be strictly followed. The allowance of the *Certiorari*, and reversal of the President's judgment, is therefore reversed with costs.